RECEIVED
APR - 6 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| RICHARD HILL<br>LA. DOC. #130194 | DOCKET NO. 08-CV-1329; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| DR. LEE, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Pro se Plaintiff, Richard Hill filed the instant complaint pursuant to 42 U.S.C. §1983 on September 8, 2008. His motion for leave to proceed in forma pauperis was granted on September 9, 2008. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC), and he is incarcerated at the Winn Correctional Center (WCC) in Winnfield, Louisiana. He does not name any WCC officials as defendants. He filed suit against Dr. Lee, the Louisiana State University Health Science Center of Pineville, the LSU Board of Supervisors, the State of Louisiana, the President of the LSU Hospital, and the Attorney General.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Background

Plaintiff does not name any WCC officials as defendants in

this suit.[1]  Plaintiff alleges that he underwent an operation at the LSU medical center in Pineville, Louisiana on August 30, 2006 for a ruptured appendix.  Plaintiff claims that the physician who performed the operation, Dr. Lee, discovered a hernia that was medium-sized, but "turned a blind eye" and failed to repair it.  Plaintiff alleges that Dr. Lee could have fixed the hernia at that time, but did not.  Plaintiff alleges that the hernia caused him to suffer damaged intestinal walls and severely swollen testicles.

## Law and Analysis

The State of Louisiana has not waived its Eleventh Amendment immunity from suits in federal court, and 42 U.S.C. §1983 does not abrogate the states' immunity from suit in federal court. Edelman v. Jordan, 415 U.S. 651, 675-76 (1979); U.S.C.A. Const. Amend. 11; LSA-R.S. 13:5106; LSA-Const. Art. 12, § 10.  Thus, Plaintiff's claims against the State of Louisiana are clearly subject to dismissal under the doctrine of sovereign immunity and are frivolous.

The LSU Board of Supervisors is an arm of the State of Louisiana and as such, is entitled to the protections of the Eleventh Amendment, which bars a federal court from "entertain[ing] a suit brought by a citizen against his own State." Pennhurst

---

[1] Plaintiff recently filed a second civil rights action against Winn Correctional officials alleging a denial of adequate medical care. *Hill v. Winn Correctional Center, et al.*, 1:09-cv-0402.

State School & Hospital v. Halderman, 465 U.S. 89, 98 (1984) (citing Hans v. Louisiana, 134 U.S. 1 (1890)); Voisin's Oyster House, Inc. v. Guidry, 799 F.2d 183, 185-86 (5th Cir. 1986); Dyess v. Louisiana State University Bd. of Supervisors, 2005 WL 2060915 (E.D.La. 2005)(citations omitted). Accordingly, the Board is immune from liability under §1983. Likewise, Plaintiff's medical care claim against the Louisiana State University health center in Pineville fails on the basis of sovereign immunity. The Board of Supervisors is the operative arm of the medical center. (Article 8, section 7 of the Louisiana Constitution of 1974 created the Board of Supervisors and charged it with supervising and managing the institutions administered through its system.)

Furthermore, the Attorney General, as a state actor in his official capacity, is not a person for purposes of suit under § 1983. Will v. Michigan Department of State Police, 491 U.S. 58 (1989).

The only other individuals named in the suit are the president of the hospital and the doctor who operated on Plaintiff.

1. Hospital President

Plaintiff seeks to hold the president liable based solely on his position as president. "Vicarious liability does not apply to § 1983 claims." Pierce v. Texas Dept. of Crim. Justice, Inst. Div., 37 F.3d 1146, 1150 (5th Cir. 1994), cert. denied, 514 U.S. 1107 (1995). "Personal involvement is an essential element of a

civil rights cause of action." <u>Thompson v. Steele</u>, 709 F.2d 381, 382 (5th Cir.), cert. denied, 464 U.S. 897 (1983). To the extent that Plaintiff seeks to name the hospital president as a defendant, he must allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies. Plaintiff has not made any allegations that the hospital president was personally involved in his surgery or that any unconstitutional policies were implemented by him. Plaintiff's claim against the hospital president should be dismissed as frivolous.

2. Dr. Lee

Plaintiff claims that Dr. Lee was deliberately indifferent to his medical needs. First, it is unclear whether or not Dr. Lee is a state actor. However, even assuming that Dr. Lee is a state actor, Plaintiff has failed to allege deliberate indifference. According to Plaintiff, Dr. Lee was performing surgery on Plaintiff's ruptured appendix when he noticed that Plaintiff had a hernia. Plaintiff believes that Dr. Lee should have just operated on the hernia, too, while performing the appendectomy. Plaintiff clearly disagrees with the doctor's treatment. However, a mere disagreement with one's medical treatment is not sufficient to state a claim under the Eighth Amendment. <u>Norton v. Dimazana</u>, 122 F.3d 286, 292 (5th Cir. 1997); <u>Varnado v. Lynaugh</u>, 920 F.2d 320, 321 (5th Cir. 1991); <u>Spears v. McCotter</u>, 766 F.2d 179, 181 (5th Cir. 1985). Plaintiff's allegation that the doctor's inability to

repair a hernia while performing surgery on his appendix amounts to deliberate indifference is entirely conclusory.

## Conclusion

The Court is convinced that Plaintiff has presented the best case that could be presented by him, and further amendment of the pleadings would serve no useful purpose. Accepting all of Plaintiff's allegations as true, for the reasons stated herein, Plaintiff's complaint is frivolous.

Accordingly, **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

**Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.**

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District**

Court, except upon grounds of plain error. See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 6th day of April, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE